■ SELECTIVE INSURANCE COMPANY OF AMERICA, Appellant, v SMITH MAZURE DIRECTOR WILKINS YOUNG YAGERMAN & TARALLO, P.C., Respondent. [772 NYS2d 12]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 27, 2003, after a nonjury trial, in favor of respondent/plaintiff law firm and against petitioner/defendant client in the principal amount of $197,000, plus interest, costs and disbursements, unanimously modified, on the facts, to reduce the principal amount of the award to $140,825, and otherwise affirmed, without costs. Appeals from the order, same court and Justice, entered on or about February 13, 2003, and from the order, same court (Ira Beal, J.), entered on or about November 15, 2002, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The parties negotiated a two-year retainer agreement for personal injury defense work under which the client, an insurance company, was to pay the law firm an annual fee of $600,000 in monthly installments of $50,000 for the year 1998, and $576,000 in monthly installments of $48,000 for the year 1999.

The 1999 fee was subject to a downward adjustment of $7,500 for each case file less than 45 sent to the firm in 1998 and an upward adjustment of $7,500 for each case more than 60. In 1998, 76 cases were sent to the firm, substantially more than the anticipated maximum of 60, and the parties proceeded to renegotiate their agreement. The new agreement reduced the monthly payments for 1999 from $58,000 to $52,000 and extended the retainer into 2000, for which the monthly fee was to be $46,000, again subject to adjustment depending on the number of cases sent over in 1999. In 1999, 94 cases were sent to the firm, resulting in monthly payments for the year 2000 of $67,250, far above the negotiated amount of $46,000 per month. The parties again renegotiated, agreeing in or about February 2000 to monthly payments for the remainder of the year 2000 of $59,000 with a limit of 50 cases for the entire year, and to an extension of the retainer into 2001 for which the monthly fee was to be $47,500 not subject to a per matter adjustment. However, "[y]ear 2001 matters & their affect to future agreement for 2002 [was] left to future discussions and the retainer in existence."

Despite the absence of a final agreement for 2001, the parties continued to perform as though one were in place, the client making monthly payments to the firm of $47,500 through May 2001. However, at the end of May 2001, after negotiations to finalize the 2001 agreement were unsuccessful, the client terminated the firm and requested the return of its case files. The firm refused, but continued to work on the files at the client's request. In July 2001, the client successfully moved to compel the firm to turn over the files, and the firm responded by commencing an action to recover legal fees. Following a nonjury trial, the firm was awarded $99,000 for the client's unjust enrichment in 2000 and $95,000 for the work it performed in June and July 2001. An additional $3,000 was also awarded that is not in issue on the appeal.

The trial court correctly held that the client was unjustly enriched by reason of the parties' failure to reach a final agreement for 2001. It was on the understanding that the retainer would extend into 2001 that the firm agreed to reduce its monthly fee for 2000 from $67,250 to $59,000. Under the circumstances, equity dictates that the client disgorge $99,000, representing the difference between what the firm would have received under the original agreement and what it was actually paid under the renegotiated agreement.

However, the trial court erred by awarding the firm $95,000 for the work it performed in June and July 2001. Such amount

was arrived at based on the monthly payments tentatively agreed to by the parties for 2001. However, because there was no agreement for 2001, and because the client asked the firm to continue working on its files in June and July 2001 only because the firm was refusing to turn them over, the award should have been based on quantum meruit (*see Demov, Morris, Levin & Shein v Glantz*, 53 NY2d 553, 556-557 [1981]). The evidence at trial demonstrates that the firm performed 310.6 hours of work on the client's files, and that its hourly rate for such work was $125. Accordingly, we reduce the award for work performed in June and July 2001 to $38,825. Concur—Buckley, P.J., Tom, Ellerin and Marlow, JJ.